## ELLIS THAYER *versus* REUBEN CLEMENCE.

A parcel of land was conveyed by the defendant as subject to "the incumbrance on a mortgage deed to T for the payment of $ 500," the defendant covenanting that the land was " free of all incumbrances except the mortgage deed to T. above mentioned," and that he would " warrant and defend the same to the grantee, except as aforesaid, his heirs and assigns forever, against the lawful claims and demands of all persons." After the grantee had paid $ 100, part of the principal sum due on the mortgage, the land was conveyed, with similar covenants, to the plaintiff, as subject to the incumbrance of " $ 400 " due on a mortgage to T. It appeared that the only incumbrance was a mortgage to T. for $ 700, upon which, at the time of the conveyance by the defendant, more than $ 800 was due, and that in an action by T. on the mortgage, the plaintiff was evicted, and in order to redeem the land, was obliged to pay the amount due on the mortgage, being a much larger sum than $ 500 and interest. It was *held*, that the defendant must be deemed to have referred to this mortgage to T. and to have covenanted that the amount due upon it did not exceed $ 500; that he was liable, on his covenant of general warranty, to an action by the plaintiff as assignee of his grantee; and that inasmuch as the sum of $ 100 paid by such grantee entered into the price of the land when conveyed to the plaintiff, the measure of the plaintiff's damages was the whole amount paid by him and by such grantee in order to redeem the land, after deducting the above mentioned sum of $ 500 and interest.

THIS was an action of covenant.

The trial was before *Shaw* C. J.

The action was founded on a covenant in a deed from the defendant to Hiram Newell, dated April 21, 1831, conveying to Newell a tract of land in Charlton, " with the incumbrance on a mortgage deed to Salem Towne for the payment of $ 500." The covenants in the deed were as follows ; " I do, for myself," &c. " covenant with the said Hiram Newell, his heirs and assigns, that I am lawfully seised in fee of the afore-granted premises, that they are free of all incumbrances except the mortgage deed to Salem Towne, above mentioned, that I have good right to sell and convey the same to the said Hiram

Newell, that I will warrant and defend the same to the said Newell, except as aforesaid, his heirs and assigns, forever, against the lawful claims and demands of all persons."

On the 20th of April, 1833, Newell conveyed to Calvin Cooper and Calvin Cooper junior, the same premises, described as a tract of land "incumbered with a mortgage given by Artemas Knowlton to Salem Towne, on which mortgage, at the first day of April current, there was due the sum of $400;" and on the 11th of November, 1833, the Coopers conveyed the premises to the plaintiff, " with the incumbrance on a mortgage deed to Salem Towne, for the payment of $400." The deeds from Newell to the Coopers and from the Coopers to the plaintiff, contained covenants similar to those in the deed from the defendant to Newell.

The plaintiff produced in evidence a promissory note for $700, dated March 2, 1820, made by Knowlton, payable to Towne in one year, with interest annually, and a mortgage deed of the same premises, for securing the payment of the note. It was also proved, that Towne commenced an action on the mortgage against the plaintiff, and having recovered a conditional judgment in December, 1834, took out a writ of *habere facias*, and that thereupon the plaintiff paid off and discharged the mortgage, the amount thus paid being much larger than the sum of $500.

The plaintiff sought, by this action, to recover an indemnity for all money which he had been obliged to pay to redeem the land from the mortgage, over and above the sum of $500, with the interest thereon from the time of such covenants, including the sum of $100, principal, and about $60 interest, alleged to have been paid by Newell after the land was conveyed to him and before he conveyed it to the Coopers.

It was agreed, for the purposes of this action, that the mortgage of Knowlton to Towne, above mentioned, was outstanding at the time of the conveyance by the defendant to Newell; that there was no other mortgage on the estate, at that time, to Towne; and that there was a much larger sum than $500 then due on such mortgage.

The plaintiff contended, that, by the true construction of the defendant's deed to Newell, he covenanted, that there was

no incumbrance on the estate except the mortgage to Towne, and that he would warrant the estate against any incumbrance by mortgage to Towne, exceeding the sum of $ 500 ; and that as Towne had recovered against the plaintiff upon a larger mortgage, the plaintiff had a remedy against the defendant for the excess.

The defendant contended, that the mortgage of Knowlton to Towne was wholly excepted from the covenants, although more than the sum of $ 500 was due upon it ; that no action would lie by the plaintiff, as assignee, upon the covenant against incumbrances, because it was broken when it was made, and could not be assigned, nor upon the covenant of warranty, because the plaintiff, if evicted at all, was evicted by force of a prior mortgage, which had been wholly excepted out of the operation of that covenant.

The judge proposed to instruct the jury, that the plaintiff, upon these facts, had a right to recover. The cause was thereupon, by consent, withdrawn from the jury, and it was agreed, that the plaintiff should be nonsuited or the defendant defaulted, according to the opinion of the whole Court upon these facts. If the Court should be of opinion, that the plaintiff was entitled to recover, the damages were to be assessed by an auditor, upon such principles as the Court should direct.

*Oct. 2d.*     *Washburn* and *Bottom*, for the defendant, to the point, that the words in the descriptive part of the defendant's deed, taken in connexion with the exceptions in the covenants, did not amount to a covenant, express or implied, cited Com. Dig Covenant, *A* 2, *A* 3 ; *Bull* v. *Pratt*, 1 Connect. R. 342 ; and that, if they did amount to a covenant, it was only a personal covenant, as it related merely to the amount of the incumbrance, and was broken when the deed was executed, and that therefore it was not assignable to the plaintiff, so as to enable him to maintain this action, *Bickford* v. *Page*, 2 Mass. R. 455 ; *Wheelock* v. *Thayer*, 16 Pick. 70 ; *Wyman* v. *Ballard*, 12 Mass. R. 304 ; *Tufts* v. *Adams*, 8 Pick. 547 ; Com. Dig. Covenant, *B* 3 ; *Spencer's Case*, 5 Coke, 16 ; *Webb* v. *Russell*, 3 T. R. 393 ; *Russell* v. *Stokes*, 1 H. Bl. 562

*C. Allen* and *Child*, for the plaintiff.

*Oct. 5th.*     SHAW C. J. delivered the opinion of the Court. This is an

action of covenant, by an assignee of the covenantee, against the covenantor. It is contended, that the words of exception in the deed of the defendant, do not constitute a covenant.

As we understand the case, the words of covenant declared on, are the general words of warranty, and as these refer to the exception before made, it becomes necessary to go back to the description, to see what was the extent of the exception. The words in the descriptive part are, "with the incumbrance on a mortgage deed to Salem Towne, for the payment of $ 500." Now the facts find, that, at that time, there was a mortgage on the estate, held by Salem Towne, on which there was due $ 800 or $ 900. If this was not the mortgage alluded to, then this mortgage was not excepted, and the defendant would be liable for the whole amount. But the case finds that there was no other mortgage, and then it must be held to apply to this. Then as the $ 500 was not descriptive, it was not intended to identify the mortgage, which was for a larger sum ; the necessary construction is, that it is a mortgage, constituting an incumbrance to the amount of $ 500, and the covenant being general, with this exception, it is a covenant against any greater incumbrance. But it is said, that on application to Towne, they might have ascertained, that there was more due, and might have known the exact state of it. Suppose they might and did, the grantor might well have covenanted, that the incumbrance did not exceed a certain amount, intending to make that warranty good, by paying the difference himself. Suppose there is a conveyance with a covenant of warranty against all incumbrances, and both parties know perfectly well, that there is an outstanding mortgage ; when the covenantee sues on the covenant, is it any defence to show, that both parties knew of the mortgage, when the covenant was made ? No ; the construction, we think, must be, that the grantor took that upon himself, and he can only save himself on his covenant, by extinguishing the incumbrance.

It is then said, that the covenant against incumbrances does not run with the land, and cannot be sued by an assignee. This is no doubt so. But here are several covenants, the usual covenants in a deed of warranty, to wit, "that I am seised," &c. "that I have good right," &c. "that the premi-

ses are free of all incumbrances." These are all *in præsenti*, and if the facts covenanted to be true, are not so, the covenants are broken when made, the right to enforce them is a chose in action, and cannot be so assigned as to enable an assignee to bring an action in his own name. But there is also a covenant that " I will warrant and defend " ; this is *in futuro* and runs with the land ; and whenever the assignee of the land is evicted by a title paramount, he has his remedy against the covenantor. Here the plaintiff was so evicted by a judgment on the mortgage, against which the covenant was intended as an indemnity.

The last ground is, that this covenant relates to a personal matter, the amount of a debt, and so does not run with the land. Again, it is necessary to consider what is the covenant on which the suit is brought. It is the covenant to warrant and defend the land conveyed. The effect of the covenant in this case is, to warrant and defend the granted premises against any incumbrance upon the land, beyond $500. But the plaintiff has been evicted upon a mortgage, which he could only remove by paying a much larger amount. The debt is a personal thing ; but the pledge for it was the land, and it is this charge upon the land, which gives it the character of realty, and brings it within the operation of the covenant.

As to the measure of damages, we think the defendant is to make good his warranty, that is, he is to pay a sum of money, which will put the plaintiff in as good a situation as if he had kept his covenant. Now if there had been but $500 due on the mortgage, when Clemence sold to Newell, according to the covenant, then when Newell paid $100 and then sold to the Coopers, if that warranty had been kept, the plaintiff would have been liable to pay the balance of $400 only, to redeem his estate. All that he has paid over is a damage under this breach of covenant. The sum paid by Newell, in effect, therefore, enures to the benefit of the plaintiff. And further, Newell received so much more on the sale, and the plaintiff paid so much more on the purchase, in consequence of this payment of $100. On every view, therefore, we think that the $100 is to be included in the plaintiff's damages.